IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Kimberly Reeves, ) | |
| ) | |
| Plaintiff, ) | Case No. 9:13-cv-03322-CWH-JDA |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Publix Supermarkets Inc., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

On October 28, 2013, Plaintiff Kimberly Reeves filed this action in the Court of Common Pleas in Beaufort County, South Carolina, alleging workplace sexual harassment in violation of Title VII of the Civil Rights Act of 1964. [Doc. 1-1 at 5–6.] On November 27, 2013, Defendant Publix timely removed the action to this Court, invoking this Court's federal question and diversity jurisdiction. [Doc. 1 at 2.] On December 4, 2013, Defendant moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 5.] Upon review of the motion and the record, the Court noted that Plaintiff did not plead, and Defendant did not discuss, whether Plaintiff exhausted her administrative remedies with the EEOC or any other relevant state agency before filing suit.

"[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297 (4th Cir. 2009) (citing *Davis v. North Carolina Dep't of Corr.*, 48 F.3d 134, 138–40 (4th Cir. 1995)). The Court must determine if it has subject matter jurisdiction before considering the motion to dismiss or any other matters in this case. Therefore, the Court ordered that the Parties respond and show cause as to why the case should not be dismissed by March 4, 2014. [Doc. 10.] Publix filed a timely

response, stating that "upon information and belief, Plaintiff filed a Charge of Discrimination and thereby exhausted her remedies as to the matters timely raised therein." [Doc. 11.] Plaintiff failed to respond to the Order. The Court thereafter issued an Order requiring Plaintiff to file an amended complaint setting out the exhaustion of her administrative remedies. [Doc. 13.] The Court ordered that Plaintiff file the amended complaint by March 10, 2014, and advised Plaintiff that failure to file the amended complaint may result in a dismissal pursuant to Federal Rule of Civil Procedure 41(b). [*Id*.] Plaintiff again failed to file an amended complaint or any other response to the Court's Order. Based on the foregoing, it appears the Plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989). It is further recommended that the motion to dismiss be denied as moot.

    IT IS SO RECOMMENDED.

                                     s/Jacquelyn D. Austin
                                     United States Magistrate Judge

March 20, 2014
Greenville, South Carolina