IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Kimberly Reeves, | ) | Civil Action No. 9:13-03322-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Publix Supermarkets Inc., | ) | |
| | ) | |
| Defendant. | ) | |

On October 28, 2013, Kimberly Reeves (the "plaintiff"), filed this action in the Court of Common Pleas in Beaufort County, South Carolina, alleging sexual harassment in her workplace in violation of Title VII of the Civil Rights Act of 1964. On November 27, 2013, the plaintiff's employer, Publix Supermarkets Inc. (the "defendant"), timely removed the case to this Court on the grounds of federal question and diversity jurisdiction. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g), D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation ("R&R"). On December 4, 2013, the defendant filed a motion to dismiss the plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 5), and the plaintiff filed a response thereto.

The magistrate judge reviewed the record and determined that neither party had addressed the threshold issue of whether the plaintiff had exhausted her administrative remedies with a federal or state agency prior to filing suit. Accordingly, the magistrate judge ordered the parties to show cause as to the reasons the case should not be dismissed for lack of subject matter

jurisdiction. (ECF No. 10). The defendant responded to the order, but the plaintiff did not. The magistrate judge then ordered the plaintiff to file an amended complaint by March 10, 2014 which addressed the issue of exhaustion and specifically informed her that the failure to file an amended complaint by the deadline "may result in a dismissal pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court orders." (ECF No. 13). Again, the plaintiff failed to respond.

On March 20, 2014, the magistrate judge issued an R&R recommending that the action be dismissed, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for lack of prosecution and for failure to comply with the Court's orders. The plaintiff has filed no objections, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261, 271 (1976). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b)(1)(C). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. Id. However, in the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted) (internal quotation marks omitted). Furthermore, the failure to file specific written objections to

the R&R results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

After reviewing the record of this matter, the applicable law, and the magistrate judge's R&R, the Court agrees with the conclusions of the magistrate judge. The Court adopts and incorporates the R&R (ECF No. 15) by reference in this Order. The plaintiff's action is dismissed with prejudice in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. The defendant's motion to dismiss (ECF No. 5) is moot.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

April 21, 2014
Charleston, South Carolina